1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12

TAD S.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C24-5657-BAT

**ORDER REVERSING AND
REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS**

13
14
15
16
17
18
19
20

      Plaintiff Tad S. appeals the denial of his application for Supplemental Security Income,

arguing the ALJ misevaluated the medical evidence and plaintiff's testimony, and the resulting

residual functional capacity finding and finding of nondisability are erroneous; he seeks remand

for an award of benefits or, in the alternative, for further administrative proceedings. Dkt. 15.

The Commissioner concedes the ALJ committed harmful error but contends a remand for further

administrative proceedings is the appropriate remedy. Dkt. 23. The Court **REVERSES** the

Commissioner's final decision and **REMANDS** the matter for further administrative proceedings

under sentence four of 42 U.S.C. § 405(g).

21

### BACKGROUND

22
23

      Plaintiff is currently 60 years old and was 54 years old on the date he filed the

application; he has a high school education and has no past relevant work. Tr. 44-45. He applied

for benefits with a protective filing date of March 19, 2019, alleging disability since January 1, 2007. Tr. 31-32, 346. After his application was denied initially and on reconsideration, the ALJ held a hearing and, on April 27, 2021, issued a decision finding plaintiff not disabled. Tr. 185-98. The Appeals Council reversed that decision, remanding the case to the ALJ to issue a new decision. Tr. 205-06. The ALJ held a second hearing and, on October 11, 2023, issued a second decision finding plaintiff not disabled. Tr. 31-46. Plaintiff now seeks review of the ALJ's October 2023 decision.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff had not engaged in substantial gainful activity since the application date; he had the following severe impairments: degenerative disc disease of the lumbar spine, bipolar disorder, anxiety, and PTSD; and these impairments did not meet or equal the requirements of a listed impairment. Tr. 34-35. The ALJ found plaintiff had the residual functional capacity to perform medium work except he can occasionally climb ladders, ropes, or scaffolds; he can understand, remember, and apply detailed but not complex instructions; he cannot perform in a fast-paced production type environment; and he cannot interact with the general public and can occasionally interact with coworkers and supervisors. Tr. 37. The ALJ found plaintiff has no past relevant work but, as there are jobs that exist in significant numbers in the national economy that plaintiff could perform, he was not disabled. Tr. 44-46.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

1    *Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

2    of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor

3    substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954

4    (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the

5    Court must uphold the Commissioner's interpretation. *Id*.

6         When a district court reverses an ALJ decision, it has discretion to either remand the case

7    for further administrative proceedings or to remand for an award of benefits. 42 U.S.C. § 405(g);

8    *Harman v. Apfel*, 211 F.3d 1172, 1177-78 (9th Cir. 2000). Where there are outstanding issues

9    that must be resolved and it is not clear from the record an ALJ would be required to find a

10   claimant disabled if all the evidence were properly evaluated, remand for further proceedings is

11   appropriate. *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012).

12        The Court may remand for an award of benefits where (1) the record has been fully

13   developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has

14   failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or

15   medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ

16   would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995,

17   1020 (9th Cir. 2014). Courts have flexibility in applying this rule and may instead remand for

18   further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact,

19   disabled." *Id.* at 1021.

20        The Court finds, if the improperly discredited evidence were credited as true, the ALJ

21   would not be required to find plaintiff disabled on remand. Therefore, remand for further

22   administrative proceedings is the appropriate remedy in this case.

23

1

### A.    Medical Evidence

2    Plaintiff argues the ALJ failed to properly evaluate the opinions of Keith Kreuger, Ph.D.,

3  Alexander Patterson, Psy.D., Peter Weiss, Ph.D., Quoc Ho, M.D., and Terilee Wingate, Ph.D.,

4  along with a litany of other medical records that plaintiff asserts contain clinical findings

5  consistent with these opinions; the prior administrative medical findings of Norman Staley,

6  M.D., J.D. Fitterer, M.D., Vincent Gollogly, Ph.D., and Richard Borton, Ph.D.; and the opinion

7  of Kimberly Wheeler, Ph.D., submitted to the Appeals Council after the ALJ's decision. Dkt. 15

8  at 3-11.

9    The Commissioner concedes error but argues further administrative proceedings are

10  warranted to assess this evidence because these opinions and prior administrative findings

11  conflict with each other, and it is the province of the ALJ, not this Court, to resolve conflicts and

12  ambiguities in the record. Dkt. 23 at 4. The Commissioner further argues that several of the

13  opinions use ambiguous terms such as "difficulty," "mild," "moderate," and "marked," and it is

14  the ALJ's responsibility to translate and incorporate such findings into a succinct RFC finding.

15  *Id.* at 5. And with respect to specific opinions, the Commissioner asserts "there are sound reasons

16  why an ALJ may take a different view of the evidence," giving reasons why an ALJ may find the

17  opinions unpersuasive n remand. *Id.* at 6-12.

18    Plaintiff argues in reply the conflicts the Commissioner identifies do not actually justify

19  or necessitate remand for another hearing, and many of the Commissioner's arguments as to the

20  reasons why an ALJ could reject the opinions are improper post hoc rationales the Court cannot

21  rely on. Dkt. 24 at 2. Plaintiff asserts the Court is evaluating the ALJ's current decision, not the

22  possible decision of a new ALJ at a new hearing. Dkt 24 at 4-6. And plaintiff argues the fact the

23  non-examining doctors' findings conflict with the opinions of Dr. Weiss and Dr. Wingate do not

1    preclude this Court from directing an award of benefits, asserting that every case that requires an

2    ALJ hearing contains non-examiners' findings that support non-disability and that the

3    Commissioner is therefore essentially arguing that the Court could never exercise its discretion

4    to direct an award of benefits. Dkt. 24 at 6.

5        Both sides make arguments that misstate the nature of the Court's inquiry. The Court

6    need not determine whether an ALJ might validly find the opinions unpersuasive on remand. Nor

7    must the Court assess whether the reasons the Commissioner proposes are post hoc

8    rationalizations. Instead, the Court is evaluating whether, if the disputed evidence is credited as

9    true, an ALJ would be required to find plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020.

10       Turning to that question, the Court finds there exist conflicts in the evidence that preclude

11   an immediate award of benefits. The doctors whose opinions plaintiff asserts were erroneously

12   evaluated expressed a range of opinions, ranging from none or mild limitations to marked or

13   even severe limitations. For example, with respect to plaintiff's mental limitations, Dr. Kreuger

14   opined plaintiff had none, mild, or moderate limitations in all areas of mental functioning (Tr.

15   57-58), Dr. Patterson opined plaintiff's ability to function in the work setting was moderately

16   impaired, and while he may have difficulty with attendance, timeliness, and managing work

17   relationships and work-related stress, he would likely not have difficulty with completing work-

18   related tasks (Tr. 570), and Dr. Gollogly and Dr. Borton opined plaintiff had mild or moderate

19   limitations (Tr. 158, 173). Dr. Wingate, on the other hand, opined plaintiff had marked

20   limitations in numerous areas and that the overall severity of his limitations was marked (Tr.

21   951), and Dr. Wheeler likewise opined plaintiff had marked limitations in numerous areas and

22   that the overall severity of his limitations was marked (Tr. 19). And in contrast with those

23   opinions, Dr. Mitchell opined plaintiff had numerous severe limitations. Tr. 545. With respect to

1   plaintiff's physical impairments, while Dr. Ho opined plaintiff could perform less than sedentary
2   work (Tr. 644-46), Dr. Staley and Dr. Fitterer opined plaintiff could perform light work (Tr. 160-
3   62, 175-76).

4        If all these opinions were credited as true, an ALJ would not be able to find plaintiff
5   disabled without first translating these varying and in some cases conflicting opinions into a
6   single, succinct RFC finding and determining whether there are jobs that exist in significant
7   numbers in the national economy a person with that RFC could perform. The Court cannot say
8   the only possible outcome for an ALJ undertaking this task would be to find plaintiff disabled.

9        Plaintiff's assertion the conflicts the Commissioner identifies should not preclude an
10  award of benefits asks this Court to do the very thing it cannot: weigh the evidence and resolve
11  conflicts, in this case in favor of the plaintiff. And even if the Court agreed with plaintiff's
12  assertion about the nature of non-examiners' findings and their effect on the Court's ability to
13  direct an award of benefits, conflicts among the other medical opinions would still preclude a
14  finding of disability. In other words, the Court cannot say, without making findings of fact and
15  weighing the evidence, that the ALJ would be required to find plaintiff disabled if these opinions
16  were credited as true. Accordingly, this case does not meet the requirements for an immediate
17  award of benefits.

18       **B.    Plaintiff's Testimony**

19       Plaintiff also argues the ALJ failed to properly evaluate his testimony, arguing the ALJ's
20  errors in assessing the medical evidence tainted his evaluation of plaintiff's testimony; the ALJ
21  failed to identify meaningful inconsistencies between plaintiff's testimony and the medical
22  evidence and provided a selective summary of the medical evidence; the ALJ improperly
23  rejected his testimony based solely on the objective evidence; and the ALJ relied on plaintiff's

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 6

1    activities that were not transferrable to work and were not inconsistent with his testimony. Dkt.

2    15 at 11-13.

3         The Commissioner contends the record contains conflicting evidence regarding plaintiff's

4    subjective complaints and that on remand the ALJ could find plaintiff's testimony unpersuasive,

5    giving reasons the ALJ might do so. Dkt. 13 at 12-16. The Commissioner again misstates the

6    issue before the Court. The Court must assess whether the ALJ would be required to find

7    plaintiff disabled on remand if plaintiff's testimony were credited as true, not possible reasons

8    the ALJ could find plaintiff's testimony unpersuasive.

9         Turning to that question, the Court agrees with plaintiff the ALJ's errors in assessing the

10   medical evidence undermine the ALJ's assessment of plaintiff's testimony, which relied in part

11   on an assessment of the consistency between his testimony and the medical evidence. However,

12   the Court cannot say that if plaintiff's testimony were credited as true, the ALJ would be

13   required to find plaintiff disabled on remand. Rather, given the conflicts among the medical

14   opinions discussed above and the possible effects the resolution of these conflicts may have on

15   the assessment of plaintiff's testimony, the Court concludes it is necessary for the ALJ to

16   reevaluate plaintiff's testimony in view of the ALJ's reevaluation of the medical opinions. The

17   ALJ must consider all the evidence, resolve the conflicts and weigh the evidence in light of those

18   considerations, and issue a new decision supported by all the evidence in the record.

19   **C.    Protective Filing Date**

20        In 2015, plaintiff filed an application for disability benefits that was denied at the

21   administrative level in 2019; this denial was affirmed on judicial review by this Court and by the

22   Court of Appeals for the Ninth Circuit. Tr. 119, 146; *Stuck v. Saul*, 843 Fed. Appx. 970 (9th Cir.

23   Apr. 15, 2021); *Stuck v. Comm'r of Soc. Sec.*, Case No. C19-5410-MLP, Dkt. 14 (W.D. Wash.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7

1   Jan. 21, 2020). As part of the application now before this Court, plaintiff sought to amend his

2   protective filing date to June 7, 2018, the date plaintiff requested Appeals Council review of the

3   prior ALJ decision, which was pending before the Ninth Circuit at the time the ALJ issued the

4   decision at hand. Tr. 96, 441, 473-74. The ALJ denied that request, leaving March 19, 2019, as

5   the protective filing date for this claim. Tr. 32.

6          Plaintiff noted these facts in his opening brief but did not assign error to or present

7   argument on the issue. Dkt. 15 at 2, n.1. The Commissioner asserts plaintiff thus forfeited his

8   opportunity to challenge the ALJ's denial of his request to amend his protective filing date. Dkt.

9   23 at 17. In reply, plaintiff asserts the Commissioner did not provide any justification for

10  refusing to honor his request to amend his protective filing date and this refusal was arbitrary and

11  capricious. Dkt. 24 at 3. Plaintiff acknowledges he did not present argument on the issue in his

12  opening brief but asks the Court to order the ALJ to consider the issue if it remands the case for

13  further proceedings. *Id.*

14         The Court finds because plaintiff did not assign error to or present arguments on this

15  issue in his opening brief, but instead presented arguments only in his reply brief, he has waived

16  this issue. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996); *Center for Sierra Nevada*

17  *Conservation v. U.S. Forest Service*, 832 F.Supp.2d 1138, 1164, n. 4 (9th Cir. 2011). The Court

18  will therefore not consider the issue and will not direct the ALJ to consider it on remand.

19                                    **CONCLUSION**

20         For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this

21  case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

22  405(g). On remand, the ALJ shall reevaluate the medical opinions, the prior administrative

23  findings, and plaintiff's testimony, and shall offer plaintiff a new hearing, further develop the

record, and redo the five-step disability evaluation process as the ALJ deems necessary and appropriate to make a new decision.

DATED this 21st day of March, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 9